No. 10456. JANUARY 19, 1935. REHEARING DENIED FEBRUARY 22, 1935.

## JOHNS v. THE STATE.

BECK, Presiding Justice. 1. The court did not err, under the evidence relating to the impartiality of a juror in holding that he was competent.

2. Nor did the court err in holding competent certain other jurors put upon the defendant. These jurors were challenged for cause on the ground that they had served on the traverse jury at the October term, 1933, of Charlton superior court. The trial under review took place at the March term, 1934. Besides, it is not alleged that the county wherein this trial took place did not fall within the provisions of the act of August 19, 1911, relating to the ineligibility of jurors (Ga. L. 1911, p. 72), wherein it is provided that section 824 of the Penal Code of 1910, declaring that a juror who has served as a grand or traverse juror at a session of the superior court shall be ineligible for duty as a juror at the next succeeding term of said superior court in which he has previously served,

should not apply to any court in any county of this State wherein the grand-jury box contains not exceeding 100 names and the petit-jury box contains not exceeding 350 names.

3. It is contended that the section of the act of 1911, just referred to, is unconstitutional and therefore void. This assignment of error raises no question for decision, as it does not refer to the paragraph or section of the constitution alleged to be violated, nor specify wherein it violates such part of the constitution.

4. The court did not err in holding the juror Gowan competent, the ground of challenge being that he was not impartial; the evidence introduced to sustain the ground of challenge showing, in substance, that Gowan had been introduced by the State as a witness at a former trial of this case, and had testified as to the character of witnesses introduced on that trial by the defendant. The fact that he had been such a witness, even though he testified that he would not believe certain witnesses for the defendant on oath, did not disqualify him.

5. The court properly admitted testimony as to certain marks on a shoe, by which the State sought to identify the shoe which had been worn by and was taken from the foot of the accused.

6. Testimony of a conversation between the accused and the deceased, given by a witness who could not remember all of the conversation or even all of the substance of the entire conversation, but remembered a great part of it which was unquestionably material in the investigation, was admissible.

7. The court properly overruled a motion to direct a verdict in favor of the defendant on the ground that there was a variance between the allegations and the proof, in that the indictment named W. C. White as the person killed, and the proof showed that the person killed was W. C. Whitener. The evidence showed that W. C. White was killed as alleged in the indictment, and the name Whitener, as written in the death certificate introduced in evidence, was either a change or was a mere slip of the pen.

8. The court properly admitted a shoe in evidence, over objection that the evidence introduced by the State showed that the shoe was not in the condition at the time of its introduction that it was at the time it was given up by the accused to the sheriff; this objection being based, in part, on the ground that the changes had been made in the appearance of the shoe. There was evidence to show the condition of the shoe at the time the defendant was arrested.

9. Nor did the court err in admitting testimony relative to the identity of the shoe introduced in evidence, which was worn by the defendant at the time of his capture by the sheriff, on the ground that it was taken from him under coercion, and that he was thus forced to give evidence against himself as the result of coercion. Though the defendant was acting under fears, and in that sense might be said to have acted under coercion when the shoes were taken from him and delivered to the sheriff, this did not render the evidence incompetent.

10. Error is assigned on the following charge to the jury: "You are the judges of both the law and facts in criminal cases. The law you take from the court as given you in the charge; the facts you get from the

witnesses who testify in the case, and from the statement of the defendant, and to the facts you apply the law and thus make your finding." There may be an inaccuracy in this charge; but it is not such as to constitute reversible error, in view of other portions of the charge. In a subsequent part of the charge the judge instructed the jury as follows: "If you believe from the evidence in the case, and under the rules of law which I have given you and which I shall further give you, that the contentions of the State have been proved, as set out in the indictment, then it will be your duty to convict the defendant of murder." In view of the entire charge on the subject under consideration, the instruction excepted to was not reversible error.

11. The evidence authorized the verdict.

12. Other grounds of the motion not specially mentioned either did not present any question for decision or were without merit. Certain of the grounds consisted of several pages wherein evidence, rulings of the court, and colloquies between the court and counsel are set forth; and this is not a proper way of framing grounds of a motion for a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 10460. JANUARY 19, 1935. REHEARING DENIED FEBRUARY 22, 1935.

*Harry M. Wilson, Herbert W. Wilson,* and *G. Wilbur Sweat,* for plaintiff in error.

*M. J. Yeomans, attorney-general, A. B. Spence, solicitor-general, B. D. Murphy, J. T. Goree, John S. Gibson,* and *A. S. McQueen,* contra.