### SHEPHERD v. THE STATE.

ATKINSON, Justice. 1. Where a female under the age of consent, who lives with her parents, testified that the accused had intercourse with her at a haystack, in the absence of anything to warrant a conjecture that the act was committed elsewhere, venue is sufficiently established by her testimony: "I live in Peeples Valley; that is in this county. . . Those haystacks I am talking about, they are on the Mariann Farm. My father lives on that farm. That is up in the Peeples Valley Community." *Womble* v. *State,* 107 *Ga.* 666 (3) (33 S. E. 630); *Lee* v. *State,* 176 *Ga.* 215 (2) (167 S. E. 507); *Loughridge* v. *State,* 201 *Ga.* 513 (5) (40 S. E. 2d, 544); *Bryant* v. *State,* 44 *Ga. App.* 781 (1) (163 S. E. 219).

2. Where, during the progress of the trial, the attorney for the State asked a witness, "Do you know whether that is in Bartow County or not," at which time the trial judge stated: "Already proved it was in Bartow County . . the question has already been asked whether it was in Bartow County," and where no motion for mistrial was made, but error was complained of for the first time in an amended motion for new trial, asserting that the trial judge expressed an opinion as to what had been proved in violation of the Code, § 81-1104, such ground of motion for new trial is not meritorious. See, in this connection, *Pulliam* v. *State,* 196 *Ga.* 782 (6-7) (28 S. E. 2d, 139), wherein *Potter* v. *State,* 117 *Ga.* 693 (45 S. E. 37), and other cases holding contrary to the ruling here made, were expressly overruled.

3. The State sought to introduce in evidence certain articles of clothing worn by the accused at the time of his arrest, for the purpose of showing blood and other substance thereon, and an officer testified: "I took some clothes from [the accused] . . that he had on, . . two days after the crime. . . The other officers had him in jail. . . I ordered him to take those off. . . I told him . . we wanted . . to have them examined. . . As to whether . . I . . ordered him to take

them off, . . or asked him . . I asked him, told him what we wanted to do with them. . . He agreed to it." In answer to the question: "Did he object to taking them off?" the witness answered, "None whatever." Such evidence was not inadmissible as being in violation of article 1, section 1, paragraph 6, of the Constitution (Code, Ann. Supp., § 2-106), providing that no person shall be compelled to give testimony tending in any manner to criminate himself. *Franklin* v. *State,* 69 *Ga.* 36 (3) (47 Am. R. 748); *Myers* v. *State,* 97 *Ga.* 76 (6) (25 S. E. 252); *Johns* v. *State,* 178 *Ga.* 676 (1) (173 S. E. 917); *Johns* v. *State,* 180 *Ga.* 187 (9) (178 S. E. 707).

4. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*

No. 16219. MAY 13, 1948.

*M. G. Hicks* and *J. R. Whitaker,* for plaintiff in error.

*Eugene Cook, Attorney-General, Warren Akin, Solicitor-General,* and *Margaret Hartson,* contra.