## JONES *v.* THE STATE.

No. 16507. FEBRUARY 15, 1949.

*M. G. Hicks*, for plaintiff in error.

*Eugene Cook, Attorney-General, E. J. Clower, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* contra.

CANDLER, Justice. Horace Jones and George Chubbs Jr. were separately indicted for the offense of robbery by open force and violence upon the person of Sam Young. By agreement they were tried jointly. The jury returned a verdict of guilty and fixed the punishment at confinement for a minimum and maximum of five years. Thereafter Jones filed a motion for new trial, based on the general grounds only, which motion was overruled and he excepted. The only question presented by the writ of error is whether the written confession made by Jones and introduced by the State has probative value. If so, then it is not insisted that the evidence was insufficient to authorize the verdict. Counsel for the plaintiff in error contends that, because the alleged confession was obtained by the use of force and intimidation, it should have been excluded, and that without such confession there was no evidence of guilt; and that the evidence was therefore contrary to law in that it depended upon evidence which had no probative value. On this question the record shows that the alleged robbery was investigated by C. M. Caldwell, a county policeman, and Frank Russell, a deputy sheriff. Caldwell testified that in the course of his investigation

762

he talked to Jones and Chubbs, and that he said to Jones, "I told him that he'd been lying all day and he was going to tell me the truth now." Based on this alleged threat, it is contended that the confession was inadmissible. But the record shows that the confession was not made to Caldwell, but to Deputy Sheriff Russell. Russell testified that the confession was freely and voluntarily made to him, and there is nothing to controvert this testimony, except the statement of Jones to the jury, in which he said that he made the statement because "they scared us." On the testimony of Russell the State made a prima facie showing as to the voluntary character of the confession, and it then became admissible as evidence. Whether the confession was made under the alleged previous undue influences of Caldwell still operating on his mind, was not a matter of law for the court, to be resolved by excluding it from evidence, but was a question of fact for determination by the jury. *Pines* v. *State,* 21 *Ga.* 227; *Valentine* v. *State,* 77 *Ga.* 470 (3); *Jackson* v. *State,* 172 *Ga.* 575 (2 a, b) 587 (158 S. E. 289); *Bryant* v. *State,* 191 *Ga.* 686, 710 (13 S. E. 2d, 820). There being no exception to the charge of the court, which is not contained in the record, it will be presumed that the jury were fully instructed on the principle of law applicable to confessions as evidence. And by their verdict we must assume that the jury first found as a matter of fact that the confession was freely and voluntarily made. Accordingly, the verdict being supported by the evidence, the trial judge did not abuse his discretion in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*