## 32849.   MORRIS *v.* THE STATE.

GARDNER, J.  The defendant was convicted in the Criminal Court of Fulton County on an accusation charging him in three counts with the possession of non-tax-paid whisky. The jury convicted him on counts 1 and 3 and acquitted him on count 2. After conviction he made

application for certiorari to the Superior Court of Fulton County. The application was granted. On the hearing, the court overruled and dismissed the certiorari. To this judgment the defendant assigns error here. He expressly abandons the assignment of error as to count 1. He makes but one contention as to why the judgment in count 3 should be reversed. This contention is that the State failed to prove the venue of the crime to be in Fulton County. It appears that the evidence germane to the proof of venue was given by R. A. Boone. He stated, substantially, that the defendant resided with his family at 516 West Hunter Street, Atlanta, Georgia; that on January 6, 1949, he found a 50-gallon drum containing 11 gallons of non-tax-paid whisky beside the back porch of the defendant's residence, as charged in count 1. As to count 2, the defendant testified that on January 29, 1949, he found 9 gallons of non-tax-paid whisky under lock and key in an outhouse located approximately 100 feet in the rear of the residence of the accused. *"The 9 gallons of non-tax-paid whisky was found there inside an enclosed outhouse under lock and key. That was in Fulton, County, Georgia."* The officer further testified: "The following night, January 30, 1945. . . *in the same outhouse,"* the officer found four gallons of non-tax-paid whisky as charged in count 3. There lived in the house of the defendant, with the defendant, one Mullins. There were several occupants in the outhouse. On the visit to the outhouse on January 29, the officers "picked" the lock to open the door of the house. They made no arrest on that occasion for the reason that since there were several occupants of the house, they did not know whom to arrest for the crime. On the second visit to the outhouse, on January 30, the officers obtained from the person of the defendant a bunch of keys. They went to the outhouse and after entering, found among the keys one which fitted a Yale lock of the client. The lock had been changed since the visit on the 29th. Thereupon, the defendant was arrested. Evidently the jury acquitted the defendant on the second count based on the officers' visit of July 29, because there was no proof as to who had control and possession of the key to the lock found on that day. We entertain no doubt but that the outhouse which was visited by the officers on January 30 was the same outhouse which the officers visited on the 29th. The officer so testified, positively. See, in this connection, *Womble* v. *State,* 107 *Ga.* 666 (33 S. E. 630); *Shepherd* v. *State,* 203 *Ga.* 635 (47 S. E. 2d, 860).

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided February 24, 1950.

*Frank A. Bowers,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, B. B. Zellars, William Hall,* contra.