18361.   WRIGHT *v.* THE STATE.

Submitted September 15, 1953—Decided October 13, 1953—
Rehearing denied November 12, 1953.

216

A. M. Kelly, Jere Field, J. E. Briscoe, Jr., William L. Preston, H. O. Godwin, for plaintiff in error.

D. M. Pollock, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, contra.

CANDLER, Justice. (After stating the foregoing facts.) 1. It is alleged in special ground 1 of the motion for new trial that the court erred in admitting, over the defendant's objection, certain clothing of the accused, namely, a pair of blue denim work pants. Concerning this, Sheriff Sorrells testified: "These clothes here belong to Paul, they were the ones he had on at the time. I delivered them to Mr. Shoffeitt to analyse at their laboratory. I came home and got him some more clothes and carried them back to Fulton Tower and took these off him and carried them over to the laboratory." It does not appear from the record that the accused objected to the removal of his clothing by the sheriff. "Where a defendant, after his arrest, allows his shoes

or other apparel to be removed by the officers, without objection, or voluntarily removes the same, it is not error to allow such evidence to be introduced, nor is it in violation of any constitutional right of the defendant." *Johns* v. *State*, 178 *Ga.* 676 (1) (173 S. E. 917). For like holdings, see *Franklin* v. *State*, 69 *Ga.* 36 (3) (47 Am. R. 748); *Drake* v. *State*, 75 *Ga.* 413; *Myers* v. *State*, 97 *Ga.* 76 (6) (25 S. E. 252); *Johns* v. *State*, 180 *Ga.* 187 (9) (178 S. E. 707); *Shepherd* v. *State*, 203 *Ga.* 635 (3) (47 S. E. 2d 860). There is no merit in this ground of the motion.

2. Special ground 2 of the motion complains about the allowance in evidence of a written confession which the accused signed on April 29, 1953. It was timely objected to by counsel for the defendant, as the record reveals, upon the following ground: "We object on the ground that it was not freely and voluntarily made. It was made at Fulton Tower in the presence of the solicitor, a G. B. I. officer, and the sheriff. It is simply a follow-up of a statement made earlier to Mr. Haralson when he [the accused] asked to get a drink of water." It is not insisted or argued that the written confession was improperly induced at the time it was obtained, but its inadmissibility is based upon a contention that prior improper influence had been exerted by certain officers in obtaining from the accused an oral confession, and that such improper influence was still operating on his mind at the time he signed the written confession. This contention is untenable. The question as to whether a confession, unexceptionable in itself, was made under previous undue influence still operating on the mind of the defendant, is not a question of law for the court, to be resolved by excluding such evidence, but is a question of fact for the jury. *Pines* v. *State*, 21 *Ga.* 227; *Valentine* v. *State*, 77 *Ga.* 470 (3), 480; *Milner* v. *State*, 124 *Ga.* 86 (52 S. E. 302); *Jackson* v. *State*, 172 *Ga.* 575 (158 S. E. 289); *Bryant* v. *State*, 191 *Ga.* 686 (13 S. E. 2d 820); *Jones* v. *State*, 204 *Ga.* 761 (51 S. E. 2d 831). But in this ruling we make no intimation about the voluntary or involuntary character of the oral confession referred to, as that question is not before us; it became, as the record shows, a part of the evidence without any objection.

3. In special ground 3 it is alleged that "the court erred in failing to charge on the law of voluntary manslaughter." The movant incorporated in this ground of his motion certain portions

of the evidence which he insists support him in the position taken. Code § 6-901, provides that exceptions "shall specify plainly the decision complained of and the alleged error." This ground of the motion is too vague and indefinite to meet the requirement. "A ground in a motion for new trial, in a conviction for murder, that 'the court erred in not giving in charge to the jury the law of voluntary manslaughter' is 'too vague and indefinite an assignment of error to raise any question for determination by this Court.' *Smith* v. *State,* 125 *Ga.* 300 (54 S. E. 124); *Wilson* v. *State,* 156 *Ga.* 42 (118 S. E. 427), and cit.; *Burley* v. *State,* 158 *Ga.* 849 (3) (124 S. E. 532); *Harris* v. *State,* 178 *Ga.* 746 (3) (174 S. E. 240); *Parham* v. *State,* 180 *Ga.* 233 (2) (178 S. E. 648); *Bryant* v. *State,* 180 *Ga.* 238 (178 S. E. 651)." *Harris* v. *State,* 184 *Ga.* 165 (190 S. E. 554). For such a ground to be sufficiently definite it should plainly specify wherein voluntary manslaughter was involved, whether by reason of an assault, other equivalent circumstances, or by mutual combat. *Pitts* v. *State,* 197 *Ga.* 317 (28 S. E. 2d 864), and citations.

4. There is no merit in the general grounds of the motion for new trial. The State's evidence, as it appears from our statement of the facts, proved the crime of murder as charged in the indictment; and this is true because a confession of guilt, when freely and voluntarily made, is direct evidence of the highest character (*Eberhart* v. *State,* 47 *Ga.* 598; *Pressley* v. *State,* 201 *Ga.* 267, 39 S. E. 2d 478); and when corroborated by proof of the corpus delicti, as in this case, it is sufficient to authorize a conviction. Code § 38-420; *Burns* v. *State,* 188 *Ga.* 22 (3) (2 S. E. 2d 627); *Moore* v. *State,* 193 *Ga.* 877 (20 S. E. 2d 403); *Reddick* v. *State,* 202 *Ga.* 209 (42 S. E. 2d 742), and cases there cited.

For the reasons stated in the preceding divisions of this opinion, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*