19649. THOMAS *v.* THE STATE.

CANDLER, Justice. Milton Thomas was indicted in Houston County for rape. The jury convicted him of that offense and fixed his punishment at from twenty to twenty years. He was denied a new trial and the exception is to that judgment. *Held:*

1. There is no merit in the general grounds of the motion for new trial. The State's evidence shows that the white girl alleged

to have been raped was 19 years old. She and another white girl 20 years old were, at about 11:30 on the night of January 27, 1955, returning to their apartment from a show in down-town Macon. As they were walking along a named street, the accused, a negro about 40 years old, parked his automobile just back of them, got out of it, caught each of them by the arm, forced them to get into his automobile, and threatened to shoot them if they made any outcry. He carried them to a secluded place off a named road in Houston County. At this place and while screaming for help, the girls got out of the automobile and ran about 75 yards over soft ground before being caught by the accused. When he caught them and threw them down, they were still screaming and he slapped them and told them that he was going to kill them if they didn't stop screaming. While holding both of them on the ground, he first sought to have intercourse with the 20-year-old girl, but she was menstruating and apparently for that reason he got off her and immediately thereafter had intercourse with the girl named in the indictment. Both girls testified on the trial that he had sexual intercourse with the girl named in the in-dictment forcibly, without her consent and against her will, and each also testified positively that the accused was the person who committed the offense. After the rape, the accused carried them back to Macon, but before putting them out of his automobile, told them that, if they reported the assaults to anyone, he or some member of his gang would kill them. The girls got back to their apartment at 12:30 a.m. and the older girl reported the occurrence to her aunt the same morn-ing. Several officers testified that, on the day following the rape, one of the girls thus assaulted pointed out to them the place where the rape occurred and that they saw signs of con-siderable struggle there.

2. On the trial and as witnesses for the State, the two girls who had been assaulted positively identified the defendant as their assailant. On direct examination, they testified that they picked him out as the person who had assaulted them from a line-up at the city jail. The older girl also testified on direct examination that, several days after the assaults, she had stopped her car on the street in Macon near the post office; that the accused passed her driving the car he was using dur-ing the night of the assaults; that she then positively identified

him as the assailant; and that she got his tag number and called the police department. On cross-examination, the younger girl testified that on one occasion the arresting officers "put" the accused in his car at the city jail, and that she again identified him as the person who raped her, and on cross-examination the older girl testified that the arresting officers "told" the accused to get in his car at the city jail, and after he did so she again identified him as the person who assaulted her and who raped the other girl. There was no evidence showing or tending to show that the accused objected in any way to being "put" in his car, or that he protested in any way when he was "told" by the officers to get in his car. After the State rested, counsel for the accused moved the court to exclude from the evidence all testimony given by the two witnesses respecting their identification of the accused while seated in his automobile, on the ground that he had been required to do an act which incriminated himself. The motion was denied, and error is assigned on this ruling in special ground one. There is no merit in this ground. In the first place, the evidence to which the motion relates was given by the witnesses in direct response to questions propounded by counsel for the accused during his cross-examination of them; and it is a settled rule of practice in this State that, where counsel elicits testimony unfavorable to his client, he will not be heard to object to it, no matter how prejudicial it may be, if it is a direct and pertinent response to the question propounded. See, in this connection, *Anderson* v. *Brown*, 72 *Ga*. 713, 723 (9); *Tift* v. *Jones*, 77 *Ga*. 181 (3) (3 S. E. 399); *Mickle* v. *Moore*, 188 *Ga*. 444 (4 S. E. 2d 217); *Scott* v. *State*, 57 *Ga. App.* 187 (194 S. E. 844); and *Potts* v. *State*, 86 *Ga. App.* 779 (3) (72 S. E. 2d 553). And in the second place, this court has repeatedly held that, where the accused after arrest does an act, without objection, which tends to incriminate himself, it is not error to allow testimony respecting the act, nor is evidence of the act violative of any constitutional right of the accused. *Franklin* v. *State*, 69 *Ga*. 36 (3) (47 Am. R. 748); *Drake* v. *State*, 75 *Ga*. 413; *Johns* v. *State*, 180 *Ga*. 187 (9) (178 S. E. 707); *Shepherd* v. *State*, 203 *Ga*. 635 (3) (47 S. E. 2d 860); *Wright* v. *State*, 210 *Ga*. 212, 216 (1) (78 S. E. 2d 494), and the cases there cited. In the *Franklin* case, supra, where the accused was charged with murder, it was said: "That shoes

and socks [belonging to the deceased] were taken from the feet of the defendant after his arrest, or that he was told to take them off by the police officers, and did so, without any objection being made by him, does not render evidence identifying such property inadmissible, it being otherwise competent."

3. Mrs. S. T. Ray, a witness for the defendant, testified on cross-examination that she went by the jail one night after ten o'clock to see the defendant Thomas; that the jailer would not let her see him at that hour of the night; and that she left some magazines with the jailer for the defendant. The solicitor-general then asked her if she knew that the jailer burned those magazines because they contained pictures of nude and semi-nude women? Counsel for the accused made the following objection: "Your Honor, please, I don't see the materiality of all that, I don't know that Mrs. Ray would know what the jailer did." The court sustained the objection. At the conclusion of Mrs. Ray's testimony, counsel for the accused moved for a mistrial on the ground that the question asked Mrs. Ray was an unwarranted attack on her character and therefore very prejudicial to the defendant. The motion for a mistrial was denied, and special ground 2 of the motion for new trial assigns error on this ruling. There is also no merit in this ground. If Mrs. Ray, a white woman and a witness who had testified to material facts for the accused, knew that she had carried obscene literature to the jail for delivery to the accused and because of its character the jailer burned it, it would certainly go to her credibility as a witness, and as a witness for the accused she was subject to a thorough and sifting cross-examination by the solicitor-general. Code § 38-1705.

4. There is no merit in special ground 3 of the motion, which alleges that the judge erred, on motion therefor, in refusing to rule out of evidence all testimony relating to the fact that the witness Mrs. Ray brought to the Houston County jail for delivery to the accused magazines which contained obscene pictures of girls, since it was of no probative value, entirely irrelevant and immaterial, and extremely prejudicial to the accused. Where the object of cross-examination is to show the interest or concern which a material witness has for the accused, great latitude should be allowed. *Floyd* v. *Wallace*, 31 *Ga.* 688 (1).

5. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 8, 1957—DECIDED MAY 14, 1957.

*Paul M. Conaway, T. A. Jacobs, Jack J. Gautier,* for plaintiff in error.

*Wm. M. West, Solicitor-General, Hal Bell, Assistant Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.