25215. MOTON v. THE STATE.

SUBMITTED JUNE 12, 1969—DECIDED JULY 10, 1969.

*Miles B. Sams,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans,* for appellee.

ALMAND, Presiding Justice. Under an indictment charging Tommy Moton and two others with robbery by force, Moton was found guilty with a recommendation of mercy and was sentenced to life imprisonment.

His motion for a new trial on the general and special grounds was overruled, and his appeal is from that ruling.

■ Error is enumerated on the admission into evidence, over the defendant's objection, of a pair of fingernail clippers. There was testimony by the victim, (who identified the clippers), that they were forcibly taken from his person; and testimony by the arresting officer that they were found on the co-defendant, Davis. It was not error to admit the fingernail clippers, there being evidence that Moton and Davis were engaged in a conspiracy to commit robbery. *Whitfield v. State,* 51 Ga. App. 439 (180 SE 630) ; 22A CJS 1150, § 767.

■ The victim of the robbery identified the defendant as one of three men who severely beat him with a blunt instrument, and took his car, billfold and certain items of personal property. The three left him on the ground in an alley after taking his watch, ring, money and automobile. John D. Whitaker, Jr., a police officer of the City of Atlanta, in response to a call shortly after the robbery occurred, found the victim bleeding from his face, mouth and nose, and with blood on his clothes. George H. Wade, the arresting officer, testified that the defendant was found with the victim's automobile a short distance from where the robbery took place, and that the defendant's sweater and

shoes had blood stains on them. The sweater and shoes were taken to the crime laboratory for examination. There was evidence by a laboratory technician that the stains on the sweater and shoes of the defendant were human blood.

When the State tendered into evidence the defendant's sweater and shoes, he objected to the admission of these items on the grounds that they were obtained by unlawful search and seizure, and that their admission would, in effect, cause him to testify against himself in violation of his rights under Art. I, Sec. I, Par. VI of the Constitution of Georgia. "No person shall be compelled to give testimony tending in any manner to criminate himself." *Code Ann.* § 2-106.

It does not appear from the evidence that the sweater and shoes were taken from the defendant over his objection, or by force.

Under the Search and Seizure Act of 1966 (Ga. L. 1966, p. 567; *Code Ann. Ch.* 27-3), when a lawful arrest is effected, a peace officer may reasonably search for the purpose of (a) discovering or seizing the fruits of the crime for which the arrest was made and (b) discovering or seizing any articles or things which may have been used in the commission of such crime.

The sweater and shoes were taken by the officer, who told the defendant to take them off. It seems, from the record that the defendant did not object. Under these circumstances, the evidence identifying the objects is not rendered inadmissible, nor was the defendant compelled to testify against himself. *Franklin v. State,* 69 Ga. 36 (3) (47 AR 748); *Drake v. State,* 75 Ga. 413 (20); *Johns v. State,* 180 Ga. 187 (9) (178 SE 707); *Shepherd v. State,* 203 Ga. 635 (47 SE2d 860).

■ The defendant, in his sworn testimony, denied any participation in the crime and claimed alibi as a defense.

The victim positively identified the defendant as one of the three men who beat him, and took his automobile and other personal items which were later found in the possession of the defendant and Davis, a co-defendant. The evidence shows a wanton and brutal assault upon the victim and supports the verdict finding the defendant guilty of robbery by force and violence.

The order denying a new trial is

*Affirmed. All the Justices concur.*