## 44433. DAVENPORT v. THE STATE.

WHITMAN, Judge. W. H. Davenport was convicted of the offense of burglary.

The State introduced testimony showing that police at La-Grange who were patrolling areas in the outskirts of the city discovered a burglary in progress at the Jitney Junior Food Store. By radio other police were called in and the store was surrounded. When the people inside the store refused to come out and surrender themselves tear gas was shot into the store, forcing two men to come out. A walkie-talkie was in the store and the police heard sounds coming in over it indicating that somebody was broadcasting to it from another location. They were unable to identify the voice. The safe in the store had been forced open. The two men were arrested, and a car parked nearby was taken in to police headquarters. Tools and clothing were found in it, some in the back seat and some in the trunk. A check on the ownership disclosed that the car belonged to a rental agency at Hapeville, Georgia, and that these two men had rented it.

Some time later the defendant Davenport was arrested while walking on the street nearby. He had been seen on a road bank in the vicinity earlier, and the police found a walkie-

talkie, a rifle and ammunition on the bank. Davenport was charged with complicity in the burglary and placed in jail. Later in the day and before he was questioned about the matter he was informed of his constitutional rights when the police gave him a card carrying that information, including the right to consult with an attorney and have him present during any questioning, and that if he did not have a lawyer or could not obtain one, one would be provided for him. He told the police that he understood his rights, but made no request for an attorney. He wanted to make a telephone call but when the police informed him that he could make one local call, but not a long-distance call, he declined to make any. He was kept in a cell on the second floor, while the two men who had been arrested at the store were in cells on the first floor. There was no communication between them.

On the second night of his incarceration when the police were making their rounds after midnight they found Davenport awake in his cell and he asked about the other men, naming them. The police told him that they were all right, but again informed him that if he wanted to discuss the matter he had a right to have an attorney present, and he proceeded to tell them that he had been out on the road bank while the burglary was being accomplished and that when he saw the patrol car coming up he warned them over the walkie-talkie to "duck out" and asserted that if they had not been stupid the men would have gotten away before being caught. He related in correct detail conversations of the police and their efforts to get the men to come out, which he heard over the walkie-talkie from the one in the store, and asserted that he held the rifle aimed at Captain Turner's back, intending to shoot him if the men in the store were shot. The defendant offered no evidence and made no statement at the trial.

His motion for new trial, containing the usual general grounds and one special ground, was overruled and he appeals, enumerating as error the overruling of the motion and the admission of testimony as to the names of the two men who were arrested at the scene of the burglary. *Held:*

1. The general grounds of the motion for new trial are without merit. The evidence was ample to authorize the defendant's conviction.

2. The special ground of the motion asserting that defendant was prevented by the police from consulting an attorney, thus

denying him the assistance of counsel in protecting himself against self-incrimination is without merit. To the contrary, the only evidence is that defendant was advised of his rights, including his right to counsel and that he asked for no counsel.

Denial of the privilege of making a long-distance telephone call to some unnamed party for some unknown purpose does not amount to a denial of counsel.

3. There was no error in admitting testimony as to the names of the men who were arrested at the store while in the act of burglarizing it. The finding of the existence of a conspiracy between them and this defendant to commit the burglary, which may be shown by circumstantial as well as direct evidence, was authorized. *Jackson v. State,* 225 Ga. 39, 44 (165 SE2d 711). Defendant's voluntary admission of serving as a lookout for those who were actively engaged in commission of the burglary, and his relation of conversations, etc., of the police which he heard over the walkie-talkie that he had and which the police found at the stakeout, together with the other evidence tending to corroborate it, was ample. Cf. *Moton v. State,* 225 Ga. 401 (169 SE2d 320) ; *Whitfield v. State,* 51 Ga. App. 439 (2) (180 SE 630).

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

SUBMITTED APRIL 8, 1969—DECIDED DECEMBER 1, 1969.

*Sims & Lewis, J. Patrick Ward,* for appellant.