## 60202. STATE OF GEORGIA v. J. T.

BIRDSONG, Judge.

The state herein appeals from the trial court's grant of the juvenile subject's motion to suppress. The evidence suppressed was a manila envelope of marijuana, obtained in this fashion: another student at Telfair County High School, who had given such tips before, told the assistant principal, Mr. Banks, that he had just seen J. T. with marijuana on her person. Mr. Banks got J. T. from her classroom and brought her to his office where, in the presence of his secretary, he told J. T. to "empty her pockets." J. T. did so and produced the packet of marijuana. Immediately Mr. Banks left the room and called J. T.'s parents. As the trial court found, the police then arrived and advised J. T. of her Miranda rights. *Held:*

The trial court specifically ruled, and we agree, that this case is governed by the decision in *State v. Young,* 234 Ga. 488 (216 SE2d 586), and that accordingly, the Fourth Amendment argument urged by J. T. is without merit.

However, the trial court further held that "the facts unquestionably show that the manner in which this evidence was obtained violated the constitutional right of [J. T.] not to be compelled to give testimony against herself," under Article I, Section I, Paragraph XIII of the Constitution of Georgia of 1976 (Code Ann. § 2-113). This finding is in error.

"The essential element in the provision of the bill of rights against self-incrimination (Code Ann. § 2-106) is that no one shall be *compelled* to give evidence tending to incriminate himself." *Whippler v. State,* 218 Ga. 198, 203 (126 SE2d 744). It has, therefore, frequently been held that where a person after arrest does an act voluntarily or without objection which tends to incriminate himself it is not error or unconstitutional to allow evidence of the act in the trial of the case. *Whippler,* supra; *Thomas v. State,* 213 Ga. 237, 239 (98 SE2d 548) and cases cited.

It is true that, as the appellee observes, the courts and legislature have gone to greater lengths to protect the rights of children, but it must not be imagined that in so doing they have enlarged for children the constitutional rights invested in adults and citizens generally. In fact, certain constitutional rights of students in schools have been recognized by the U. S. Supreme Court (Tinker v. Des Moines Independent Comm. School Dist., 393 U. S. 503, 506 (89 SC 733, 21 LE2d 731)) to be "a dilute version" of those accorded adults. *Young,* supra, p. 497. The Georgia Supreme Court held in *Young,* supra, p. 495, that the precise actions of a school official which occurred in this case (asking the student to empty his pockets) were a reasonable,

constitutionally sound function "within [school officials'] legitimate area of concern in seeking to root out . . . disturbances and evils; and they must be allowed . . . to make effective searches to that end [of accomplishing the essential purpose of maintaining discipline, p. 497]." If actions such as those of the assistant principal in *Young* are constitutionally reasonable and legitimate for the maintenance of discipline in school, then the student's compliance with those actions is no less necessary and no less constitutionally acceptable. When an item is produced by a student in accordance with the proper request of a school official having "adequate reason" (*Young*, supra, p. 498) and before any involvement of law enforcement officers (*Young*, supra, p. 498), the item is not inadmissible in evidence as being violative of any rights against self-incrimination. In such circumstances, the exclusionary rule is not applicable to enforce any rights or privileges the student may have against being compelled to produce the item (*Young*, supra, p. 498). As said in *Young*, supra, p. 495, such requests and actions of school officials are "designed to allow enforcement of multiple rules . . . and prohibitions which are imposed to maintain an atmosphere of security and calm necessary to allow education to take place. This . . . involve[s] controlling students' behavior, and . . . involve[s] controlling the deleterious items they are allowed to possess on the premises. Such a deleterious item may be as relatively innocuous as a secreted noise-maker; it may be as dangerous as heroin or a handgun." The items thus obtained are therefore not inadmissible evidence in a criminal proceeding as being violative of the prohibition against self-incrimination. It was error to suppress the evidence in this case.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED SEPTEMBER 23, 1980.

*Phillip R. West, District Attorney, C. David Gafnea, Assistant District Attorney,* for appellant.
*James Stanley Smith,* for appellee.