## 61066. WHATLEY v. THE STATE.

POPE, Judge.

Thomas Roosevelt Whatley appeals from his conviction of five counts of first degree forgery.

1. Appellant claims that a computer printout obtained through a license tag check was improperly admitted in evidence over his objection that this exhibit and testimony concerning it were not the best evidence, were not authenticated and consisted of hearsay. We do not agree. The trial court instructed the jury to disregard any testimony concerning this printout and it was never seen by the jury. Moreover, the fact that the appellant owned the automobile in question was established by other unrebutted evidence. Since the verdict of guilty was authorized by other evidence, it is "highly probable" that the evidence complained of did not contribute to the verdict and its admission, if error, was thus harmless. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

2. The question of whether the appellant voluntarily gave police

his handwriting exemplars was considered at some length out of the presence of the jury, and the trial court concluded that a sufficient showing of voluntariness had been made to submit it to the jury. The jury was instructed that it must find that the handwriting exemplars were "done in the same way and under the same circumstances that a statement or admission made by the defendant would have to be made before it would be admissible." The court fully charged as to what the rights of the appellant were, and the jury determined that the handwriting specimens were voluntarily given. In such circumstances, this court will not overturn the verdicts of guilty. Compare *State of Georgia v. J. T.,* 155 Ga. App. 812 (273 SE2d 214) (1980); *Fouts v. State,* 240 Ga. 39 (3) (239 SE2d 366) (1977). See *Culpepper v. State,* 156 Ga. App. 183 (274 SE2d 155) (1980).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 4, 1981.

*William H. Newton III,* for appellant.
*William Boggs, Assistant District Attorney,* for appellee.