MOORE, administrator, *et al.* v. McAFEE, executor.

1. Exceptions assigning error upon an order of court making parties can not properly be made a ground of a motion for new trial.
2. Although no rule nisi issued against B. H. Ray, calling upon him to show cause why he should not be made a party defendant, where plaintiff's counsel filed a written motion that said Ray be made a defendant, and this application was treated as an amendment to the pleadings, and the amendment was allowed by order of the court, and the party named filed his pleadings disclaiming title, and in such disclaimer referred to himself as a party defendant, objections to evidence based upon the ground that the person named was not a party to the suit were properly overruled.
3. A deed containing the description, "a parcel of land lying in Crawford County, on Deep Creek, in the ———— district of said county, and known as the south half of lot 30 in a survey of said district and containing 101-1/4 acres," is not void for uncertainty merely because it does not set forth the district in which the lot specified is located. It would be competent to show by parol testimony, if such was the case, that there was only one lot 30 in that county on the creek named.

4. The decree and order from the superior court, directing the administrator to sell the assets of the estate remaining in the hands of the administrator, and reciting that it was granted in a specified case which arose upon a bill to marshal assets, and that it appeared to the court from the bill that the only asset of the estate was the land described in the bill, was properly admitted in evidence over the objection that it did not describe the land in controversy, and did not furnish authority to the administrator to sell any land unless accompanied by the bill in which the land was described; as there was a presumption that the bill referred to was in existence at the time of the granting of the order, and its loss or destruction could not prevent the introduction in evidence of the order itself and the deed executed in pursuance thereof at the sale by the administrator.

5. A deed containing the description, " lots 32 and 33 containing 202-1/2 acres each, also lots and parts of lots 29 and 30 and 35 in the 6th district of said county, containing 450 acres, more or less, with mill-site and water privileges thereon, said tract being known as Old Grant Mill Place," was not void for uncertainty in the description of the land intended to be conveyed; for the identity of the tract of land known as Old Grant Mill Place could be shown by parol evidence.

6. In locating land described in a deed as being composed of lots and parts of lots of land numbers 29, 30, and 35 in the 6th district of a named county, known as "Old Grant Mill Place," it is competent to establish its boundaries by proof of traditionary reputation in the neighborhood, derived from ancient sources or from the declarations of persons since deceased who had peculiar means of knowing what the reputation of the boundary was in an ancient day; but present-day reputation is not admissible. Under this ruling, evidence of the tradition as to there being a tract of land known as the Grant Mill Place, and what it consisted of, was admissible.

7. Evidence of savings and doings of B. H. Ray, some of them tending to show recognition upon his part of the plaintiff's claim of title and possession of the land, Ray being one of the parties defendant, was admissible, certainly to establish the plaintiff's case against Ray himself; and the evidence having been properly admitted, if the other defendant wished the effect of such evidence limited to one of the parties, a proper written request therefor should have been preferred. The court was not bound, in the absence of such written request, to deal with the special parts of the testimony in his charge, although counsel for such other defendant may have called the court's attention to the fact that the evidence could not be binding upon any one except Ray, and coupled with this suggestion a request that the court instruct the jury that the evidence was not binding upon the administrator of Mrs. Ray.

8. The lease from Colbert and McAfee, executors of J. G. Colbert, to one Powell, was admissible in evidence, there being some evidence to show that the lessee named had, through agents or employees, occupied a part of the land in controversy.

9. While it is the duty of the court to determine the contentions of the parties to a case and not leave that to the determination of the jury, nevertheless it was not such an inaccuracy as to require the grant of a new trial that the court, in charging the jury in this case, said, that, "if the plaintiff claims a right to recover upon his prior possession,

the plaintiff must show actual possession before the defendant took possession, and that he had actual possession of the entire south half of lot 30," the lot in dispute. Here "if," beginning the part of the instructions quoted, may be regarded as equivalent to the word "where," for the court had already instructed the jury that the plaintiff was undertaking to show his title, that is, the title of the Colbert estate, by showing possession of the land in connection with certain deeds offered in evidence. Parts of the evidence in the case, with the deductions which the jury were authorized to draw therefrom, were sufficient foundation for this charge.

10. The court instructed the jury that the plaintiff could not recover unless he showed by a preponderance of the evidence that there was a tract of land known as the Grant Mill Place containing approximately 450 acres, and that the boundaries of such tract should also be fixed by evidence; and, in the part of the charge immediately following such instructions, added: "I charge you that the deed is not such a deed upon which the plaintiff can recover in this case, unless it is shown by a preponderance of the evidence that the plaintiff, as executor of Colbert, or Colbert in his lifetime, was in the open, continuous, notorious, and exclusive possession for seven years, under the deed, of some part of the land embraced in the deed." It is insisted that these parts of the charge are contradictory, misleading, and not authorized by the evidence. There was some evidence to authorize the charge; nor were these parts of the charge contradictory. The first part placed upon the plaintiff the burden of showing by evidence that there was a tract of land known as the Great Mill Place, containing a specified number of acres, and also of fixing the boundaries of the tract; and the other part, given in connection, meant merely that the deed alone, even if the plaintiff had carried the burden placed upon him by the first part of the charge, would not authorize a recovery, but that possession, such as prescribed by the statute, must also be shown.

11. Remarks addressed to counsel in a colloquy between the court and counsel are not grounds for reversal of the judgment refusing a new trial, it appearing that the remarks were made upon the conclusion of the evidence and before the charge of the court to the jury was begun, and counsel had full opportunity of moving for a mistrial on the ground now taken in the motion for a new trial. Having failed to do this, the plaintiffs in error can not, after the return of an adverse verdict, have that verdict set aside and a new trial granted.

12. Upon a review of the entire record we can not say that there is no evidence to support the verdict.

No. 2096. MARCH 4, 1921.

Ejectment. Before Judge Mathews. Crawford superior court. April 28, 1920.

McAfee, executor of Colbert, brought ejectment to recover the south half of lot 30 in the 6th district of Crawford county. The parties defendant were J. B. Spiller, Mrs. Nancy Newberry, executrix of M. J. Newberry, and L. D. Moore, administrator of the estate of Mrs. Emma M. Ray, deceased. When the case was called for trial and both parties announced ready, counsel for the plaintiff

offered an amendment reciting that B. H. Ray was sole heir at law of Emma M. Ray; that he was claiming the land in dispute as sole heir, was actually defending the suit, and was a proper party defendant; that he claimed possession and right of possession of the land; and it was prayed that he be made a party and be required to set up a defense in this suit. This was signed by the plaintiff's counsel, and the court endorsed upon the amendment "Amendment allowed, October 21, 1919," and then signed the same officially. After the evidence was closed by both parties, by agreement of counsel, upon suggestion of the judge, Mrs. Nancy Newberry as executrix, etc., filed a disclaimer; and she as such executrix was then considered as eliminated from the case. J. B. Spiller filed a disclaimer at the same time. B. H. Ray also, through his attorney, filed a disclaimer, but was treated as a party defendant by the court and by the plaintiff. The jury returned a verdict finding for the plaintiff the premises in dispute, a verdict quando against the estate of Mrs. Emma M. Ray for mesne profits, and a verdict for mesne profits against B. H. Ray individually. Moore as administrator of Mrs. Ray, and B. H. Ray individually, made a motion for new trial, which was overruled, and the movants excepted.

*L. D. Moore,* for plaintiffs in error. *R. D. Feagin,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. One ground of the motion for a new trial assigns error upon the granting by the court of an order making B. H. Ray a party defendant upon the trial of the case, without his consent and over the objection of the administrator of Mrs. Ray, and without notice or rule nisi to B. H. Ray. Objection to such an order should have been made the subject of direct exception; error upon the same can not be properly assigned in a motion for new trial.

4. Error is assigned upon the ruling of the court in admitting in evidence an order appearing upon the minutes of Crawford superior court at September term, 1876, and which contains the recital that it was made in the case of Smith, administrator of Culverhouse, v. Moore, being a bill to marshal assets; and the further recital that it appeared to the court from the bill that the only asset of the estate remaining was the land described in the bill, which recital was followed by an order of the court that the administrator sell the land at public outcry, after due advertisement, and bring the money into court for distribution. This order was objected to upon the

ground that it did not describe the land in controversy nor describe any land, and did not furnish authority to the administrator to sell any land, unless it was accompanied by the bill of the administrator in which the land was described. The court did not err in admitting this evidence over the objection made. There is a presumption that the administrator acted upon the order in connection with the bill, and that the bill sufficiently described the land.

6. Exception is taken to the ruling of the court in permitting the plaintiff as a witness in the case to testify as follows: "There was a general tradition in the neighborhood as to there being a Grant Mill Place and as to what the Grant Mill Place consisted of. It was in the southeastern part of this county in the 6th district. Deep Creek runs through part of it. Toteover runs between 30 and 35. I got this information to start with from maps, but mainly from Wiley Patterson. He gave me general information of the land, and Frank Mathews and Billie Mathews gave me the location and told me where the line was, and Mr. Becham and Mr. Nichols. Mr. Becham is dead; so is Nichols. Billie Mathews is dead. These were old settlers in that community. Billie Mathews lived on the west of lot 35, adjoining I think on the lot adjoining 35." This testimony was objected to upon the ground that a tradition can not be proved in that way; that the evidence did not show a tradition as to the boundaries of the Grant Mill Place, did not specify any particular boundary or evidence of any boundary of any particular tract of land. The court refused to rule out any evidence, upon motion of movants, when the plaintiff closed his evidence. In deciding this case when it was formerly here it was said by this court: "In locating land described in a deed as being composed of lots and parts of lots of land numbers 29, 30, and 35 in the 6th district of a named county, known as the 'old Grant Mill Place,' it is competent to establish its boundaries by proof of traditionary reputation in the neighborhood, derived from ancient sources or from the declarations of persons since deceased who had peculiar means of knowing what the reputation of the boundary was in an ancient day; but present-day reputation is not admissible." *McAfee* v. *Newberry,* 144 *Ga.* 473 (87 S. E. 392). Under that ruling the testimony quoted was admissible. Though the evidence may not have contained a complete description of the lands contained in the Grant Mill Place, it did tend to show certain facts tending to establish the identity of the

Grant Mill Place. Whether other evidence in the case completed the description, or not, is another question.

11. Another ground of the motion for new trial is based upon the contention that the court expressed an opinion in the presence of the jury upon certain evidence in the case. These remarks (the court addressing plaintiff's counsel) were: " You have made Mr. Ray a party, and, so far as the evidence developed, he is in adverse possession against the administrator, and it is not disputed Newberry is not in possession or any claim to the property." And addressing the administrator of Mrs. Emma M. Ray, the court stated: " How about filing a disclaimer for Mrs. Ray's estate? You are not in possession and never have been." The administrator replied: " The plaintiff never has been." The court: " But he is seeking to recover from the person who is in possession, and that seems to be B. H. Ray. He is trying to get possession, and you are not asking for possession." Reply by the administrator, Mr. Moore: " I am trying to make him let me alone. The plaintiff has not shown he was ever in possession of an inch of it in his life." The court: " I think I will have to submit that to the jury; the Supreme Court held that." These remarks were made by the court to the counsel in a colloquy between the court and counsel for plaintiffs in error. It is unnecessary to go into the record and determine whether or not the opinion expressed by the court was upon any contested issue of fact. Plaintiffs in error can not, in a motion for new trial, avail themselves of the remarks made by the court under the circumstances attending the use of the expressions complained of. Section 4863 of the Civil Code provides that a new trial shall be granted where the court expresses or intimates his opinion as to what has or has not been proved. But where the court makes such an expression of opinion in ascertaining the position or opinion of counsel as to what has or has not been proved, or the effect of certain evidence, and does so before beginning his charge to the jury, and where the remarks made are entirely disconnected from the charge, as they were here, a party will not be permitted to allow the remarks to pass unchallenged until after the case has been submitted to the jury and a verdict adverse to him returned, and then seek to avail himself of them in a reviewing court. While remarks addressed to counsel in this way may be cause for a new trial, as provided in the statute just referred to, nevertheless counsel himself should take

some steps to avoid the hurtful effect, by making a motion for a mistrial or asking the court to instruct the jury to disregard the remarks; but a party can not remain quiescent until after verdict and then avail himself of the remarks made by the court, in a motion for new trial, where the verdict is adverse. Of course, if the expression or intimation of the court's opinion occurs during his charge to the jury, while they may have no more hurtful effect than if they had been made in a colloquy between the court and counsel, nevertheless, as counsel could not well, in the midst of the charge, except to the remarks and move for a mistrial, he may avail himself of the remarks made in the course of the charge in his motion by making it one of the grounds thereof, although no motion for a mistrial was made. There are cases in our reports where it has been held that certain remarks complained of as containing an expression of opinion by the court were not ground for a motion for new trial, because not used in a charge to the jury, but were made in the course of a colloquy between the court and counsel; and while it is not expressly said in any of these cases that if the remarks were hurtful a motion for a mistrial should have been made, the conclusion reached by the court must have been based upon the principle above announced.

The rulings made in headnotes 2, 3, 5, 7, 8, 9, 10, and 12 require no elaboration.          *Judgment affirmed. All the Justices concur.*