### 21193. DAVIS *v.* PEEK *et al.*

BROYLES, C. J. 1. The court did not err in allowing the amendment to the protest to the return of the processioners, or in overruling the demurrer interposed to the amended protest.

2. The excerpts from the charge of the court, complained of in special grounds 1, 3, 4, 5, 6, 7, 8, and 9 of the motion for a new trial, when considered in the light of the facts of the case and the remainder of the charge, disclose no reversible error.

3. In the absence of a timely written and appropriate request, the failure of the court to charge on the burden of proof or the making of a prima facie case on a certain feature of the case, as complained of in special ground 2 of the motion for a new trial, was not error.

4. The admission of the evidence set forth in special ground 10 of the motion was not harmful error for any reason assigned.

5. Special ground 11 of the motion is not unqualifiedly approved by the trial judge, and, therefore, can not be considered by this court.

6. Special ground 12 of the motion is based upon the refusal of the court to grant the plaintiff's motion for a nonsuit as to a certain feature of the case (the alleged agreed land line as set up in the amended protest to the return of the processioners). The record shows that after such refusal the case proceeded to verdict and judgment in favor of the defendants, the verdict being as follows: "We, the jury, find verdict in favor of the agreed line"; and that the plaintiff made a motion for a new trial complaining that the verdict was contrary to the evidence and without evidence to support it. Under repeated rulings of the Supreme Court and of this court, ground 12 can not be considered. *Massell Realty Co.* v. *Hanbury*, 165 *Ga.* 557 (9).

7. Special ground 13 of the motion complains that during a colloquy between the judge and counsel, in the presence of the jury, as to whether certain deeds were admissible as evidence, the judge said: "I am of the opinion still that these deeds have no bearing on this case." The ground shows that this statement was made after the deeds had been admitted in evidence. Conceding that the statement was error in that it was an expression of the judge's opinion as to the weight and bearing of the evidence, the movant should have made a timely motion for a mistrial, based upon the judge's statement, and have given him an opportunity to withdraw his statement and to instruct the jury not to consider it. No such motion having been made, this court can not order a new trial because of such statement.

8. The evidence as to the agreed land line was in sharp conflict, but this court can not hold that the verdict was not authorized by any evidence; and, the finding of the jury having been approved by the trial judge and no harmful error of law appearing, the judgment must be

*Affirmed. Luke and Bloodworth, JJ., concur.*

Decided April 14, 1931.

*C. C. Bunn, John K. Davis,* for plaintiff.
*E. S. Ault, W. W. Mundy,* for defendants.