## 23860. CLINE v. THE STATE.

DECIDED MARCH 30, 1934.

*Mann & Mann, Luther T. Mann,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

GUERRY, J. ■ Tom Cline was indicted by the grand jury, in that he did "have and possess malted, fermented, brewed liquors, commonly called home brew, manufactured from malt in part, and brewed and fermented liquors and beverages in which maltose is a substantial ingredient, and liquors and beverages and drinks made in imitation of and intended as a substitute for beer, ale, and whisky." The evidence disclosed that there were found at his home on more than one occasion bottles of a beverage which looked like beer and smelled like beer and was a brewed liquor made from malt and commonly known as "home brew." There was evidence that the defendant said that the beverage belonged to him. There was also evidence from other persons who lived in the same house with him, who swore that the liquor was not theirs or in their possession. Several cases were found at one time and it was being kept on ice. The defendant in his statement at the trial denied making the statement that it was his brew or that he had any connection with the same. We are of the opinion that under the prohibition law (Ga. L. Ex. Sess., 1915; pp. 77, 79; Michie's Code, § 448 (2 and 20), the evidence adduced was ample to show that the defendant was in possession of a beverage which was in violation of the provisions of the law here cited.

It is complained in one of the grounds of the motion for new trial "that the court erred in the trial of said case by taking charge of the prosecution of said case, after the solicitor-general had announced that the State rested." There is then set out in this ground a series of questions propounded to witnesses for the State by the judge and the answers thereto. It appears from the record that witnesses for the State testified as to several calls made at the house where the defendant lived, and that upon each visit fermented and brewed liquors, commonly called "home brew," were found. However, the evidence up to this point was not clear as to which of the occasions the defendant was found at the house. The court propounded the following questions, upon which the principal attack is made: "Mr. Warmack, did you find this defendant there at any time in the house?" A. "The time we got three cases, I wouldn't say whether he was there or not; but he has been there when we raided the place though. I don't know whether he was there then or not." Q. "I mean, when you found the beer and liquor there, was he there?" A. "Yes, sir." It is insisted that this was an intimation on the part of the court as to the character of the beverage found in the house, and that for this reason a new trial should be granted the defendant. It does not appear from the record, however, that any motion for a mistrial was made in the trial court at the time the questions were propounded, and under the rulings of this court and of the Supreme Court we can not consider the ground. *Whitener* v. *State*, 39 *Ga. App.* 676 (148 S. E. 305), and cit. See also *Moore* v. *McAfee*, 151 *Ga.* 270 (106 S. E. 274).

The remaining assignments of error are without merit. The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*