18335. EALY, *et al.* v. TOLBERT, Executrix, *et al.*

ALMAND, Justice. Bessie Tolbert, individually and as executrix of the last will and testament of Nelson Tolbert, brought a petition against Clarion Ealy and Mattie Louis Ealy, in which she prayed for the cancellation of a deed executed by Nelson Tolbert, the plaintiff's husband, to the defendants, conveying a one-half interest in described real estate, on the grounds that the deed was executed without any consideration, and was obtained by the fraudulent practices of the defendants, at a time when said Tolbert was feeble and confined to his bed and a complete invalid, during his last illness. The general and special demurrers of the defendants were overruled, and that judgment was affirmed by this court. *Ealy* v. *Tolbert,* 209 *Ga.* 575 (74 S. E. 2d 867). On the trial of the case before the court and a jury, a verdict was returned in favor of the plaintiff. The defendants' motion for a new trial as amended was denied, and the case is here on a bill of exceptions assigning error on the order refusing a new trial. *Held:*

1. The first ground of the amended motion sets out a colloquy that took place on the trial between the defendants' counsel and the court relative to the right of the plaintiff to attack the recitals as to the considerations named in the deed from Tolbert to the defendants. At the end of the colloquy, the court said: "All right, go ahead. If there is any question about the admissibility of the testimony, we will pass on that as we get to it." No error is assigned on any ruling of the court, and the complaint in this ground is insufficient to constitute a ground of a motion for a new trial.

2. Grounds 2 and 3 set out colloquies between counsel for the defendants and the court, in which it is asserted that the court expressed an opinion as to the effect of the ruling of the Supreme Court settling the question of estoppel as against the defendants. These colloquies took place before the court's charge to the jury. The record in this case fails to show that, at the time the alleged remarks were made, counsel for the defendants either made objection to the same or moved for a mistrial. *Coates* v. *State,* 192 *Ga.* 130 (3) (15 S. E. 2d 240). Under this rule, grounds 2 and 3 of the amended motion cannot be considered.

3. The charge of the court, "that a person standing in a confidential relation to another is not prohibited from exercising any influence whatever to obtain a benefit to himself," was favorable to the defendants, and was not subject to the objections set out in ground 4 of the amended motion. *Crozier* v. *Goldman*, 153 *Ga.* 162 (3) (111 S. E. 666).

4. The assignment of error in ground 5, that the court erred in charging the jury that "mental capacity to make a deed is a question of fact to be determined by the jury, and that the consideration of a deed may always be inquired into, when the principles of justice and equity require it," is without merit.

5. The charges of the court on the contentions of the plaintiff were not subject to the objections made in ground 6, viz., that such charges were argumentative and calculated to impress the jury that the plaintiff should prevail.

6. The verdict is supported by the evidence.

7. It was not error to deny the amended motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1953—DECIDED OCTOBER 13, 1953.

*Pierce Bros.,* for plaintiffs in error.
*Killebrew & McGahee,* contra.