### 37727. LUMBERMEN'S UNDERWRITING ALLIANCE *v.* FIRST NATIONAL BANK & TRUST COMPANY.

DECIDED SEPTEMBER 24, 1959.

*Hamilton Napier, Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Nelson & Nelson, Hal M. Smith, Jones, Sparks, Benton & Cork,* contra.

QUILLIAN, Judge. Counsel for the plaintiff and for the defendant seem to be in agreement that the ultimate and sole issue before this court, as was the situation before the trial court, is whether the defendant, Lumbermen's Underwriting Alliance, is liable to the plaintiff, First National Bank & Trust Company in Macon, as mortgagee by endorsement on the policy, under the terms of Code § 56-706, which reads as follows: "The several insurance companies of this State and foreign insurance companies doing business in this State in all cases when a loss shall occur and they shall refuse to pay the same within 60 days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than 25 per cent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company: Provided, it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith."

While there is no issue before us of the defendant's liability for the actual loss sustained under the terms of the policy, as that aspect of liability is admitted by the defendant, as was

the fact that the insured, but not the present plaintiff bank, had submitted proper and timely proofs of loss, the major question of the defendant's liability under the terms of Code § 56-706, quoted above, ordinarily gives rise to several vital ancillary questions such as these: (1) Does the defendant come within the connotative ambit intended by the General Assembly in its use in the statute of the words, "the several insurance *companies* of this State and foreign insurance *companies* doing business in this State?" (2) What is meant by the word "demand"—its nature and type and by whom must it be made? (3) Who is meant by "the holder of the policy?" (4) Do proofs of loss submitted by the insured fulfill the condition precedent requisite by the terms of the statute in a suit by a mortgagee endorsed upon the policy? (5) What evidence is sufficient to establish bad faith on the part of an insurance company in its refusal to pay a claim after due proof of loss by the insured? (6) What constitutes probable cause sufficient to justify the insurer in refusing to pay a claim of loss within the time required by the statute? (7) What is meant by "bad faith" and what evidence is sufficient to establish bad faith? Superimposed upon these substantive questions is a plethora of assignments of procedural errors which are alleged to have been attendant upon the trial and prejudicial to the defendant. Counsel for the plaintiff and the defendant have prepared their briefs with consummate artistry in recounting their contentions and in endeavoring to sustain their relative positions, but their briefs and arguments are marred by the hiatuses in dealing with what, to our minds, are the salient and controlling principles of law under the present state of the record and brief of evidence before us.

1. Special ground 3 (numbered 6), assigning error on the trial court's refusal to grant the defendant's oral motion to dismiss the case, and special ground 8 (numbered 11), assigning error on a specified request to charge, have not been argued by counsel for the defendant (plaintiff in error) either in their briefs or orally nor have such grounds been generally insisted upon, and, consequently such grounds must be treated as abandoned. *Evergreen Memory Gardens* v. *Blythe*, 92 *Ga. App.* 413 (88 S. E. 2d 528).

2. In special ground 1 (numbered 4) error is assigned on the court's action in permitting the insured, Mr. W. L. Jessup, Jr., to testify that during an examination of him under oath at the instance of the defendant insurer, on November 28, 1957, "there was no question asked as to the property that was destroyed by fire, the equipment property; that is the property covered by this particular policy." The objection to this testimony was that since the examination of Mr. Jessup had been transcribed his testimony on this point violated the best evidence rule. Assuming, without deciding, that such testimony was for that reason inadmissible, the defendant must be held to have waived its objection, as a reading of the brief of evidence reveals that counsel for the defendant, on cross-examination, elicited testimony from Mr. Jessup concerning the contents of exactly the same examination. *King* v. *Sharp*, 96 *Ga. App.* 71 (99 S. E. 2d 283); *Teague* v. *Adair Realty &c. Co.*, 92 *Ga. App.* 463 (88 S. E. 2d 795).

3. In special grounds 2, 4, and 5 (numbered 5, 7 and 8) error is assigned on the trial court's action in excluding as irrelevant and immaterial testimony sought to be elicited by counsel for the defendant from Mr. Jessup on cross-examination.

In special ground 2 it appears that Mr. Jessup was asked, after testifying as to an examination which was made of his books by an accountant engaged by the defendant, "now Mr. Jesup, were those books accurate?"

In special ground 4, it appears Mr. Jessup was asked whether he thought he was being treated in bad faith if he was offered payment of his loss by the insurer as shown by his own books and records.

In special ground 5, it appears that Mr. Jessup was asked, "did you offer to sell the business just before the loss . . . negotiate and set a price for the sale of the business sometime within a few days before the loss." Under the state of the pleadings, and as has been stated many times in the briefs of counsel for the defendant, in its motion for new trial, and by counsel for the defendant during the course of the trial, the sole issue for the jury was the question of the defendant's "bad faith" in its refusal to pay the plaintiff's claim. While these ques-

tions may or may not have been proper in a suit between Jessup and the defendant, they were irrelevant in the present suit brought by the bank.

4. In special ground 6 (numbered 9) the defendant alleges that while one of the defendant's attorneys was on the stand as a witness for the defendant, endeavoring to explain his reasons for filing several actions for judgments declaring the policies of insurance void, this colloquy concerning the admissibility of evidence ensued between the witness and the court which tended to disaparage the witness attorney in the eyes of the jury and prejudice the jury against the defendant: Witness: "Your Honor, I would like the privilege of explaining it [the litigation for declaratory judgments] to this jury if I could." By the court: "I know there is a lot of things you would like to explain. . ." Even if we assume, which we do not, that the court's statement constituted a disparagement of the witness attorney, it does not appear from this ground that a timely motion for mistrial was made, and in the absence of such a motion timely made a new trial will not be granted. *Adams v. State,* 171 *Ga.* 90 (8) (154 S. E. 700) ; *Herndon v. State,* 178 *Ga.* 832 (6) (174 S. E. 597) ; *Ealy v. Tolbert,* 210 *Ga.* 96 (78 S. E. 2d 26).

5. In special ground 7 (numbered 10) error is assigned on the trial court's action in overruling the motion of defendant's counsel, made following a colloquy between the court and counsel for the defendant concerning the admissibility of certain evidence offered by the defendant relating to offers of settlement made by the defendant to Mr. Jessup, and in which it is alleged the court "commented on the evidence." The objectionable language is alleged to have been as follows: "I think we've been far enough in the case, as a matter of fact you've already determined that the only thing this jury is to pass on is for the damage and the attorneys fee, and all those settlements regarding the total amount, I don't think is germane to the issue at all, but I am just permitting you to ask it possibly to save time, and I'm going to charge the jury it's not for their consideration."

Where no other reason is assigned in the motion for mistrial than that the court commented on the evidence, the motion was defective and the trial court did not err in overruling it. *Owens v. State,* 32 *Ga. App.* 417 (123 S. E. 919).

224

The fact that additional reasons were given in the motion for new trial why the court should have granted the mistrial does not cure the defect indicated above.

6. In special ground 9 (numbered 12) an excerpt from the charge, recounting the contentions, is assigned as erroneous for the failure of the court to charge certain additional contentions of the defendant. This ground is without merit for several reasons. The excerpt was not erroneous for failure to contain the additional contentions of the defendant. It does not appear that these contentions were not elsewhere given in the charge, nor does it appear that any request to charge was presented to the court on this matter.

7. In special ground 10 (numbered 13) error is assigned on the following excerpt from the charge: "The several insurance companies of this State, and foreign companies doing business in this State, which includes the defendant in this case, in all cases when a loss shall occur and they shall refuse to pay the same within sixty days after demand, shall be liable to pay the holder of the policy, in addition to the loss, damages not to exceed 25% of the liability of the company for said loss, and also all reasonable attorneys' fees for the prosecution of the case against the defendant, if it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith. *And this statute does not prescribe any particular form of demand, nor does it say whether it be written or oral.*" (Italics by this court.) Counsel for the defendant contend that the italicized language in the quoted excerpt "was argument in favor of the plaintiff and against the defendant in that it served to impress upon the jury and lend credence to the position of the plaintiff that it had orally made a separate demand upon the insurer for payment under the policy at issue in this case, and served to disparage and render inconsequential the . . . [the defendant's] contention . . . that no such understandable demand had been made and that it was incredible that, upon such a vital issue, the insured or the mortgagee plaintiff would depend upon an oral demand instead of reducing such a demand to writing."

Counsel for the defendant concede that the criticized language

was taken from that used in a decision of the Supreme Court, *Hull* v. *Alabama Gold Life Ins. Co.,* 79 *Ga.* 93 (3 S. E. 903), and we will add that it is, consequently, correct as an abstract principle of law. An examination of the brief of evidence reveals that the evidence on the issues of whether or not a demand was made or whether it was made in writing or orally was in sharp conflict. The allegedly objectionable language was properly given in charge and we dare say that had the court failed to so charge, its omission would have been assigned as error.

8. In special ground 11 (numbered 14) error is assigned upon the following excerpt from the charge of the court to the jury: "In order for the plaintiff to recover either damages or attorneys' fees it must appear to you from the evidence under all the facts and circumstances of the case, that the refusal of the company to pay the loss was in bad faith. The term 'bad faith' means any frivolous or unfounded refusal in law or in fact to comply with the demand of the policy holder to pay the loss under the policy according to its terms. *Probable cause for refusing payment will not negative imputation of bad faith, and without such probable cause refusal will be at the company's peril.* Whether or not the defendant has acted in bad faith in refusing to pay the loss in this case is a question for you to decide." (Italics by this court.) The error assigned is that in the italicized sentence the court improperly stated that probable cause will *not* negative an imputation of bad faith. This use of the word "not" is, of course, erroneous, but obviously the defendant was not damaged thereby. It was a mere slip of the tongue which could not have misled the jury in the context in which it was used. *Turner* v. *Elliott,* 127 *Ga.* 338 (56 S. E. 434). Moreover, the court specifically called the jury's attention to the inaccuracy and recharged the jury correctly upon this point. This ground of the motion for new trial is not meritorious.

9. In special ground 12 (numbered 15) error is assigned on the following excerpt from the charge: "Before the defendant can be held liable for damages or attorneys' fees, in addition to the amount of the loss and interest thereon, the burden is on the plaintiff to prove that a demand for payment was made by the plaintiff at a time when the right of demand existed, and

this demand must have been made more than sixty days before suit was filed. If without probable cause for refusing payment the defendant failed to make payment within sixty days after such demand, you would be authorized to find that the defendant is liable to the plaintiff for damages and reasonable attorneys' fees, provided you find under all the facts and circumstances of the case that such refusal was in bad faith. The amount you find as damages, if any, may not exceed $4,025, which is 25% of the amount of the loss, it may not exceed $4,025, which is 25% of the amount of the loss, and the amount you find as reasonable attorneys' fees, may not exceed $3,000, which is the amount plaintiff asks for."

The defects attributed to this excerpt from the charge are that (a) it did not restrict "a demand for payment" to one made by the plaintiffs (sic); (b) it did not restrict "a demand for payment" to one addressed to loss covered under the policy of insurance here at issue; and (c) it was confusing to the jury and tended to cause the jury to believe that the gross and indivisible demand made by the insured, W. L. Jessup, Jr., and addressed to payment under both the policy here at issue as well as to payment under another policy covering lumber inventory, was a sufficient predicate for the allowance of damages and attorneys' fees in this case. The criticisms lodged against this excerpt are controverted by the charge as a whole and by the very language of the excerpt itself, and this ground is totally without merit.

10. In special ground 13 (numbered 16) error is assigned on the following excerpt from the charge: "Under the evidence in this case proof of loss was filed with the defendant more than sixty days prior to December 12, 1957, and if a demand for payment was made on that date, as alleged by the plaintiff, or at any time thereafter, such demand was made at a time when the loss was payable under the policy, and when the plaintiff had the right to demand payment. The petition in this case was filed in this court, as you may observe from the petition itself on March 28, 1958, and if such demand was made on or prior to January 27, 1958, more than sixty days thereafter elapsed before this suit was filed. A demand made by the plaintiff on or after December 12, 1957, or on or prior to January 27, 1958,

would comply with all of the requirements of the statute relating to the time when such demand should be made." It is essential to the validity of a ground assigning error on a charge to allege in the ground that the charge was prejudicial and to allege how and wherein it was prejudicial to the movant. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A 880) ; *Nation* v. *Jones,* 3 *Ga. App.* 83 (3) (59 S. E. 330). This ground is defective in the latter respect and will not be considered by this court.

11. Special ground 15 (numbered 18) assigning as error the fact that the court charged the jury on bad faith since it was not authorized by the evidence is incomplete as the charge is not set forth and the allegations of error are too general, and this ground will not be considered. *Franklin* v. *State,* 28 *Ga. App.* 460 (112 S. E. 170).

12. In special ground 14 (numbered 17) error is assigned on the following excerpt from the charge: "On the other hand, Gentlemen of the jury, after due consideration of the evidence and records in the case, if you determine and [are?] satisfied that the plaintiff is not entitled to recover, then it would be your duty to write a verdict in favor of the defendant, and in that event the form of your verdict would be 'we the jury find for the defendant.'" As counsel for the defendant state in their brief, they contend that this charge erroneously placed the burden of proof concerning the good faith of the defendant on the defendant rather than imposing on the plaintiff the burden of showing the bad faith of the defendant, and that by requiring the defendant to "satisfy" the jury of the correctness of the defendant's contention, it placed an even greater burden of proof upon the defendant than the "preponderance of evidence rule."

Viewing this excerpt in the light of the charge as a whole, we think the use of the word, "satisfied", was harmless and the jury could not have been misled or confused thereby. The court at this point in its charge was merely instructing the jury on the various forms which its verdict might take. Prior to this charge of which complaint is made the court had already properly instructed the jury correctly that the burden of proof rested on the plaintiff to establish the defendant's bad faith in its re-

fusal to pay the plaintiff's claim within the statutory time. The court had already instructed the jury properly and correctly on the subject of the preponderance of the evidence. Under these circumstances, we think that the jury understood—as would any mind of ordinary reason—that all the court was saying in its instruction here was simply this: "On the other hand, Gentlemen of the jury, after due consideration of the evidence and records in the case if you determine and [are?] satisfied [by a preponderance of the evidence as I have heretofore charged you] that the plaintiff is not entitled to recover [that is, that the plaintiff has not carried the burden of proof as I have heretofore instructed you], then it would be your duty to write a verdict for the defendant." This ground of the motion for a new trial is entirely without merit.

13. Special grounds 16, 17, 18, 19, 20, and 21 (numbered 19, 20, 21, 22, 23, 24) are nothing more than a recapitulation of the general grounds, being "specialized" simply as to the two phases of the recovery, damages for bad faith under the terms of Code § 56-706, and reasonable attorney's fees, under the same section. They will be treated here simply along with the general grounds.

No issue was before the jury for determination as to the defendant's liability under the policy, which was admitted, and the trial court directed a verdict for the plaintiff as to this aspect of the case. Similiarly, no issue was involved on the question of whether due proof of loss had been submitted.

While we are entirely cognizant of the fact that the statute under which the plaintiff is proceeding in this suit is penal and must be strictly construed, this court, on the former appearance of this case here fixed it as the law of the case, which now, right or wrong, is unalterable in this case in all subsequent proceedings (*Scogin* v. *Beall,* 54 *Ga.* 499; *Norton* v. *Paragon Oil-Can Co.,* 105 *Ga.* 466, 30 S. E. 437; *Burke* v. *Ledsinger,* 115 *Ga.* 195, 41 S. E. 682; *City of Douglas* v. *Union Banking Co.,* 179 *Ga.* 798, 177 S. E. 595), (1) that the defendant came within the ambit intended by the General Assembly in its use of the words in the statute "foreign insurance companies doing business in this State," and (2) that the plaintiff also came within

the ambit intended by the General Assembly in its use of the words in the statute, "holder of the policy."

The evidence was in sharp conflict on the question of whether a demand, such as contemplated by the statute, had been made. There was evidence that Jessup made a demand for payment under the terms of this and another policy by letter dated December 11, 1957; there was evidence from which the jury was authorized to find that the present plaintiff, through its attorney and one of its officers, made an oral demand during a conference with the defendant's attorney on December 12, 1957; there was evidence that the plaintiff made a formal written demand for payment on January 23, 1958, in its answer to a suit filed by the present defendant in the United States District Court seeking to have that court declare the present policy under consideration void. Both these demands, if found by the jury to have been made, were made more than sixty days prior to the institution of the present suit on March 28, 1958. On the issue of whether the defendant had probable cause to refuse the demand for payment, the evidence was in conflict, but was resolved in favor of the plaintiff by the jury. There is no issue that the damages and attorneys' fees were excessive. The evidence authorized the verdict and the trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*