38580. GASKILL v. BROWN, Administratrix.

DECIDED JANUARY 9, 1961.

■

34

*Hamilton & Anderson, George Anderson, Gary Hamilton,* for plaintiff in error.

*James Maddox,* contra.

BELL, Judge. 1. The first special ground of the defendant's amended motion for a new trial contends that the trial court erred in excluding the certified copy of the complaint and judgment in the prior bankruptcy proceedings between the par-

ties. The third special ground assigns error in the trial court's ruling that whatever evidence the defendant sought to offer must in some way refer to the specific note in suit.

These two grounds will be considered together. At the basis of the defendant's problem rests the rule of *Code* § 38-1603 which prevented the defendant from testifying in his own favor as to payment of the note by reason of the death of the payee. The defendant asserts that since he could not testify in his behalf about any transaction relating to this note, the only way he could prove payment was by the portions of the bankruptcy proceedings and testimony therein which were offered in evidence and rejected by the trial court. It is, of course, elementary that evidence which is irrelevant must be excluded. *Code* § 38-201. By the defendant's own admission, the evidence offered in the present case does not disclose any positive connection with the note here in suit. Although there is a *possibility* that there might be some connection, there is at least an equal possibility that the debt involved in the bankruptcy proceeding and the consideration of the note sued on were not in any way connected. In this state of the evidence the law cannot speculate. In the present case no explanatory testimony can be obtained from the deceased, and the law forbids his opponent to testify as to this transaction to the disadvantage of the deceased. Furthermore, the fact that the note bears a credit of $750, entered some seven months after the inception date, and the fact that the subsequent bankruptcy proceedings between the parties involved the sum of $2,000 while the present note at that time then bore an unpaid balance of $1,250, indicate strongly that these debts were separate and distinct. It is common business procedure, and certainly must be the universal practice, to protect the debtor after full payment on a note, for the instrument to be surrendered by the creditor to the debtor at the time of payment. Here the note was not surrendered, and the implication is that it was not paid.

While the policy of the law which seals the lips of those who wish to testify as to transactions with the dead may on occasion result in an injustice to the living, it is designed to prevent the possibility of more frequent injustice to the dead or their heirs.

2. Special ground 2 of the amended motion for new trial states essentially that "because the following material evidence offered by movant was illegally withheld by the court from the jury against the demand of movant: (a) Sworn testimony of W. G. Roberson, deceased, in a bankruptcy hearing in the United States District Court, Northern District of Georgia, which movant contends showed that the defendant was not indebted to the said W. G. Roberson in any amount or manner subsequent to the date of the note sued on by the plaintiff." This ground is incomplete, since it is not shown what the evidence was. Therefore, this court has no proper way of determining whether the exclusion of the undetailed evidence was or was not error. The movant's contention that the excluded evidence would have "showed that the defendant was not indebted to the said W. G. Roberson in any amount or manner subsequent to the date of the note sued on by the plaintiff" under these circumstances amounts to no more than a mere conclusion.

The rulings of the trial court disclose no error.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*