38798.   DARBY v. McNELLEY.

Decided April 25, 1961.

*Hurt, Gaines, Baird, Peek & Peabody, J.; Corbett Peek, Jr., William W. Horton,* for plaintiff in error.

*John L. Westmoreland, John L. Westmoreland, Jr.,* contra.

NICHOLS, Judge. 1. Special grounds numbered 4, 6, 7 and 8 of the amended motion for new trial complain that the trial court erred in admitting evidence dealing with items 4, 5 and 7 of the employment contract.¹ The complaint is that such sums were to be paid annually, that the defendant was not an employee for all of 1958, and that therefore he was not entitled to either sum for any part of 1958, and that the admission of such evidence was prejudicial to the plaintiff.

Such contention is without merit for there was evidence that the defendant was fired, and if the jury believed that the defendant was fired without cause then the defendant would be entitled to such items for the part of the year he was employed. The admission of such evidence was not error. See *Haag v. Rogers,* 9 Ga. App. 650 (72 S. E. 46) ; *Craig v. Baggs,* 64 Ga. App. 850 (14 S. E. 2d 156).

2. Special ground 5 complains that the trial court expressed an opinion while ruling on the admissibility of certain evidence. No objection or motion for mistrial appears to have been made at the time the remark was allegedly made. "Where the court, in a colloquy with counsel, makes remarks which are prejudicial or intimate an opinion upon the merits of the case, proper objection, or a motion for mistrial, should be made at the time of the occurrence. In the absence of such objection, error cannot be

assigned thereon for the first time in a motion for new trial. *Head v. Pollard Lumber Sales,* 88 Ga. App. 757 (2) (77 S. E. 2d 827); *Moore v. McAfee,* 151 Ga. 270 (11) (106 S. E. 274); *Adams v. State,* 171 Ga. 90 (8) (154 S. E. 700); *Ealy v. Tolbert,* 210 Ga. 96 (78 S. E. 2d 26)." *Lumbermen's Underwriting Alliance v. Jessup,* 100 Ga. App. 518, 533 (112 S. E. 2d 337). Accordingly, there is no merit in this special ground of the motion for new trial.

3. Special ground 9 complains that the trial court erred in failing to charge the jury that the plaintiff was not required to file any response to the defendant's original answer and cross-action.' The court did instruct the jury that the plaintiff was not required to file any response to an amendment filed by the defendant on the day of the trial and that the jury should consider the allegations therein denied.

When the whole charge is read in the light of the averments of the pleadings (the only pleading filed by the defendant which remained in the case other than the above referred to amendment were admissions and denials of the plaintiff's allegations) the failure to charge as contended for by the plaintiff was if error not harmful to the plaintiff.

4. Special ground 10 complains of an excerpt from the charge wherein the court instructed the jury: "I instruct you that this contract provides for three types of compensation to Mr. McNelley, namely, first, this ten percent monthly amount on the orders that he obtained, and second, this fifty percent of a cost plus amount—you heard all the testimony about it, and thirdly, this two percent bonus or amount based on the net profits for the year. I instruct you, as a matter of law, that this ten percent amount could be paid monthly or drawn monthly. I instruct you, as a matter of law, that the cost plus amount and the two percent amount are computed on an annual basis." Special ground 11 complains of the following excerpt of the charge: "If you believe and if you find that Mr. McNelley was involuntarily separated from his employment, then you would be authorized to consider these items about the two percent and the cost plus items, and to give him such credit as you think he would be entitled to. If you do not find and you do not believe that he was involuntarily

separated or that he resigned then I charge you that you would not be authorized to consider these two items, those yearly items that I spoke about." The charge in special ground 10 had reference to the defendant's compensation under the contract executed in March, 1953, and the instructions given were not error as constituting an unauthorized comment upon the evidence by the trial court as to the terms of the contract, nor did such charge, when considered with the remainder of the charge, instruct the jury that the defendant was entitled, as a matter of law, to the amounts based upon the annual operation of the business, and the charge complained of in special ground 11 was proper under the rulings in the first division of this opinion.

5. Special ground 12 complains of the following excerpt of the charge: "and, thirdly, if you do not believe either side has maintained his case by a legal preponderance of the evidence, and you want to leave them as you found them, that is, find for neither one, the form of your verdict would be, 'we, the jury, find for the defendant.' " The complaint made of such charge is that the defendant had admitted being indebted to the plaintiff in the sum of $1,389.97 and that therefore a charge which authorized the jury to find that neither the plaintiff nor the defendant had proved his case by a preponderance of the evidence was error.

Without deciding if a verdict for the defendant (which would have allowed no monetary recovery for either party), would have been authorized (see *Roper v. Holbrook*, 77 Ga. App. 686, 49 S. E. 2d 558), a verdict that the defendant was not indebted to the plaintiff in the amount admitted by the amendment to his answer was not authorized, and in order for any verdict to be found for the defendant he had to carry the burden, by a preponderance of the evidence, of proving that because of the cross-accounts the plaintiff was indebted to him in at least the same amount that he had admitted he owed the plaintiff. Such charge was error requiring the grant of a new trial.

6. Inasmuch as the case must be tried again the usual general grounds of the motion for new trial will not be passed upon except to state that the verdict rendered was not demanded by the evidence, nor will the alleged errors complained of in special

ground 13 be considered inasmuch as on another trial the incident complained of will probably not recur.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*