39170.   GUEST v. BALDWIN.

DECIDED NOVEMBER 17, 1961.

810

*Preston L. Holland,* for plaintiff in error.
*Greeley Ellis,* contra.

EBERHARDT, Judge. 1. Plaintiff insists that the contract as contended for by the defendant was too vague and uncertain to be enforceable. We do not think so. Defendant alleged that the plaintiff had gone to South Carolina, where he was then residing, and arranged with him to move to a farm that plaintiff had purchased in Newton County, Ga., there to tend the livestock, plant such crops as plaintiff might require, cultivate and harvest the same, and that as compensation he would be allowed to live on the farm, to draw $35 per week for living expenses during the year, that defendant might use plaintiff's tractor to do such outside public work as he could get and receive the pay therefor as a part of his compensation for services on the farm, and further that at the end of the year an additional sum would be paid to defendant to "make it right." He further alleged that after the crops were planted, cultivated and while being harvested plaintiff agreed with him that the sum of $1,500 would "make it right" and that such sum would be paid. While the contract was uncertain until the agreement was reached on the sum of $1,500 to be paid at the end of the year, it then became certain. The general demurrer was without merit.

While the terms of the contract as contended for and set up in the counter-affidavit were different from those set up by plaintiff in the amendment to his affidavit for obtaining the dispossessory warrant, yet each was setting up the terms of what he contended the contract for the occupancy of plaintiff's farm

by defendant to be. The amended counter-affidavit did not, therefore, set up any "new cause of action," nor are we able to find any duplicity in it. The overruling of plaintiff's demurrers was proper.

2. There was a conflict in the evidence, but we can not say that the verdict was without evidence to support it or that it was not authorized under the evidence. There was no merit in the general grounds of the motion for new trial.

3. In special ground 1 of the amended motion for new trial plaintiff assigns error on a refusal of the trial judge to direct a verdict for the plaintiff. After multitudinous declarations (see catchword "Refusal" in annotations under *Code Ann.* § 110-104) we find, like Sisyphus, that we must assert again that it is never error to refuse to direct a verdict.

4. In ground 2 of the amended motion for new trial plaintiff assigns error on the rulings made on his demurrers to the defendant's amended counter-affidavit. Here again we must repeat that " '[T]he principle that rulings upon the pleadings are not subject to review in motions for a new trial is hoary with age, and all courts bow to it reverently.' *Mayor &c. of Dublin v. Dudley*, 2 Ga. App. 762 (59 SE 84) ; *Wills v. Young*, 15 Ga. App. 352 (2) (83 SE 275)." *Callaway v. Hopkinsville Milling Co.*, 43 Ga. App. 81, 82 (157 SE 900). However, there was a separate assignment of error upon the overruling of the same demurrers in the bill of exceptions, and we have disposed of that above.

*Judgment affirmed. Carlisle, P. J., and Custer, J., concur.*