## 39910. FLANIGAN v. REVILLE.

HALL, Judge.. The plaintiff (plaintiff in error) sued the defendant (defendant in error) for personal injuries and property damages he received when the defendant collided with the rear of his automobile as he was making a right turn. The defendant filed an answer and counter-claim for property damages, and the jury returned a verdict for the defendant but did not award him property damages. The plaintiff assigns error on the judgment of the trial court overruling his motion for new trial. *Held:*

1. Special ground 1 complains that the trial court charged on the law precluding recovery by a person who fails to exercise ordinary care to avoid the consequences of another's negligence, after such negligence has been or reasonably should have been apprehended by him, in such language that the jury was led to apply the charge only to him, the party who claimed damages for personal injuries, and not to the defendant, who claimed property damages only. Giving the jury in this case credit for ordinary intelligence, we do not think they would have so restricted the charge. *Savannah, Thunderbolt & Isle of Hope R. v. Beasley,* 94 Ga. 142, 146 (21 SE 285); *Investors Syndicate v. Thompson,* 172 Ga. 203 (158 SE 20).

2. Ground 2 complains that the court charged as follows: "A leading vehicle has no absolute legal position superior to that of one following." This sentence was included in a portion of the charge on the duties the standard of ordinary care imposes upon drivers of both the leading vehicle and the following vehicle. Neither *Code Ann.* § 68-1641, prohibiting one motor vehicle from following another "more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway," nor *Code Ann.* § 68-1626, providing that "In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. . ." nor any other provision of law of which we are aware, places an absolute duty on any driver to avoid a collision. All the circumstances and conditions at the time and place including the conduct of other drivers, must be taken into account.

See *Underwood v. Atlanta &c. R. Co.,* 106 Ga. App. 467 (127 SE2d 318); *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755). Thus the sentence complained of was not abstractly incorrect, and as charged by the court in context was not prejudicial to the plaintiff.

3. Ground 3 contends that the manner in which the court charged the principle that an injured party cannot recover if his injury was due to his own negligence, or, if the other party was negligent, the injured party could have discovered such negligence and prevented his injury by the exercise of ordinary care for his own safety, misled the jury to believe that the plaintiff must be free of negligence to recover any portion of his damages. Considering the charge as a whole, which included a charge on comparative negligence and apportionment of damages, there is no merit in this contention.

4. In ground 4 the plaintiff complains that, when his witness, a police officer, in response to a question as to what he found in his investigation of the accident, related the statements made to him by the drivers, the trial court sustained an objection and instructed the plaintiff's witness not to testify as to what someone had told him. It appears that the statements of the drivers were a mere narrative of what had happened rather than declarations accompanying the accident. Hence the plaintiff's contention that the statements should have been admitted as *res gestae* is without merit. *Western &c. R. Co. v. Beason,* 112 Ga. 553, 557 (37 SE 863); *Weinkle & Sons v. Brunswick &c. R. Co.,* 107 Ga. 367, 371 (33 SE 471); *A. K. Adams & Co. v. Homeyer,* 87 Ga. App. 301, 303 (73 SE2d 581); Green, The Georgia Law of Evidence, 590, § 292.

5. In grounds 5, 6 and 7 the plaintiff complains that during the course of the trial the court expressed opinions on the evidence. In one instance the court questioned a police officer who was testifying as a witness for the plaintiff, and the plaintiff contends that the court's questioning reflected upon the credibility and character of this material witness and expressed an opinion as to the weight of his testimony and rendered his entire testimony worthless to the plaintiff. In another instance the court made a remark to counsel which the plaintiff contends expressed an opinion, prejudicial to the plaintiff, that certain damages had not been proven. Our courts have held that a party claiming he has been prejudiced

by a trial judge's expression of opinion during the course of the trial, concerning what has been proved or the weight of the evidence, cannot raise this ground for the first time in a motion for new trial, but must make a motion for mistrial and give the trial judge an opportunity to correct any possible prejudicial effect of his remarks by appropriate instructions to the jury or other action. *Moore v. McAfee,* 151 Ga. 270, 275 (106 SE 274); *Herndon v. State,* 178 Ga. 832, 833, 850 (174 SE 597); *Shepherd v. State,* 203 Ga. 635 (47 SE2d 860); *Davis v. Peek,* 43 Ga. App. 199 (158 SE 348); *Cline v. State,* 49 Ga. App. 16 (174 SE 194); *Lumbermen's Underwriting Alliance v. First Nat. Bank &c. Co.,* 100 Ga. App. 217, 223 (110 SE2d 782). The case of *Potter v. State,* 117 Ga. 693 (45 SE 37), and other cases relied on by the plaintiff were overruled in *Pulliam v. State,* 196 Ga. 782, 783, 791 (28 SE2d 139).

The plaintiff having made no motion for mistrial, these grounds are without merit.

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 22, 1963.

*Cail & Benton, Kenneth Cail, Andrew Benton,* for plaintiff in error.

*Adams, Adams & Brennan, Edward T. Brennan,* contra.