### 40532. WOOD v. HAMILTON.

DECIDED APRIL 7, 1964—
REHEARING DENIED APRIL 24, 1964.

610

*James G. Hampton,* for plaintiff in error.

*John G. Davis,* contra.

BELL, Presiding Judge. ■ Under Georgia law the applicant for processioning makes out a prima facie case for the boundary line found by the processioners by filing, as in this case, their return and plat without further proof. *Code* § 85-1606; *Castleberry v. Parrish,* 135 Ga. 527, 528 (3) (69 SE 817); *Philpot v. Wells,* 69 Ga. App. 489 (2) (26 SE2d 155). The motion to dismiss was properly denied by the trial court.

For the same reason the court correctly denied ground 11 of the amended motion for new trial objecting to the admission in evidence of the processioners' plat.

■ There is no merit in special grounds 5, 6, and 8 of the amended motion for new trial, for even if the trial court erred in the comments and colloquy with counsel during the trial as set forth in these grounds, which we do not decide, a proper objection or motion for mistrial should have been made at the time of the occurrence to give the trial court an opportunity to correct any possible prejudicial effect of his remarks by appropriate instructions to the jury or other action. In the absence of this objection, and none is disclosed by the record, error assigned on the judge's remarks for the first time in the motion for new trial will not be considered. *Moore v. McAfee,* 151 Ga. 270, 275 (106 SE 274); *Herndon v. State,* 178 Ga. 832, 833, 850 (174 SE 597); *Shepherd v. State,* 203 Ga. 635 (47 SE2d 860); *Davis v. Peek,* 43 Ga. App. 199 (158 SE 348); *Cline v. State,* 49 Ga. App. 16 (174 SE 194); *Lumbermen's Underwriting Alli-*

*ance v. First Nat. Bank &c. Co.,* 100 Ga. App. 217, 223 (110 SE2d 782); *Darby v. McNelley,* 103 Ga. App. 570 (120 SE2d 153); *Flanigan v. Reville,* 107 Ga. App. 382, 384 (130 SE2d 258).

■ There is no merit in ground 12 of the amended motion for new trial. It is never error to refuse to direct a verdict. *Guest v. Baldwin,* 104 Ga. App. 809, 811 (123 SE2d 194), and see *Code Ann.* § 110-104 and the numerous cases annotated under catchword "Refusal."

■ Special grounds 4, 7, and 9 of the amended motion for new trial, complaining of the exclusion of evidence, are without merit, since it does not appear that the court was apprised of the answers expected to the questions rejected by the court as propounded on direct examination by counsel for the protestant. *McDonald v. Wimpy,* 202 Ga. 8, 13 (4) (41 SE2d 257); *Lefkoff v. Sicro,* 189 Ga. 554 (7) (6 SE2d 687, 133 ALR 738); *Hines v. Donaldson,* 193 Ga. 783, 796 (3) (20 SE2d 134).

■ Special ground 10 complains of the court's refusal to admit in evidence a plat drawn by R. G. Sutton in 1934. This ground is incomplete and cannot be considered because the plat is not attached as an exhibit to the amended motion for new trial, it is not otherwise identified in the record nor certified by the trial judge, nor is this court directed to the portion of the record where it may be found. Further, the ground fails to show why the documentary evidence was rejected. *Smith v. Manley,* 96 Ga. App. 158 (1) 160 (99 SE2d 534); *Gaskill v. Brown,* 103 Ga. App. 33, 36 (2) (118 SE2d 113). And see *Maxwell v. Hollis,* 214 Ga. 358, 360 (1) (104 SE2d 893).

■ Special ground 13 complains of the refusal of the trial judge to charge the jury a written request. The only reference in the ground as to the time the request was submitted to the judge was to the effect that it was requested "on the trial of the case." This ground is incomplete and cannot be considered by this court as it is not shown that the request to charge was made prior to the jury's retiring to consider their verdict. *Hooks v. State,* 215 Ga. 869, 871 (4) (114 SE2d 6); *Dixon v. Sol Loeb Co.,* 31 Ga. App. 165, 166 (2) (120 SE 31); *King v. Mayor &c. Savannah,* 105 Ga. App. 701, 702 (3) (125 SE2d 552). See *Code* § 81-1101 and other cases annotated under catchword "Time."

612

■ By an additional amendment to his previously amended motion for new trial protestant sought the grant of a new trial on the ground of newly-discovered evidence. The newly-discovered evidence purportedly is a field notebook containing compass bearings and distances of lands belonging to Annie Wood and used by R. G. Sutton, surveyor, in drawing "that certain plat which was offered in evidence by the protestant and which was rejected by the court upon objection." The newly-discovered evidence is also described in the amended ground as being concerned with boundaries of land belonging to Annie Wood, one of which is "the same land line which is the subject of this investigation."

On the basis of the clear wording of the ground itself, it appears that the notebook was inadmissible in evidence. The ground affirmatively states that the newly-discovered evidence consists of notes in a notebook used in drawing a plat which, on being offered in evidence by the protestant, was rejected by the court on objection.

The rejected plat is not identified, nor does the ground assert that the court erred in refusing to allow the plat in evidence. Hence, the presumption must be that it was properly disallowed. In this status it must be held that the newly-discovered data or "notes" used in drawing the plat would have been no less objectionable than the finished plat which ensued from them. Further, it is obvious that any evidentiary value of the notes in the notebook was merely cumulative to the rejected plat.

Inadmissible newly-discovered evidence does not authorize the grant of a new trial nor does newly-discovered evidence which is merely cumulative. *Leverett v. Cook,* 68 Ga. 838 (2); *Perry v. State,* 102 Ga. 365, 368 (1) (30 SE 903).

■ The evidence authorized the verdict.

Although the record includes evidence of fences which have been placed along the line contended by the protestant to be correct at various times, the existence, extent and period of duration of these fences were sharply disputed in the evidence. The jury was not bound by any one version of this conflicting testimony.

The admission by the one processioner who testified at the

trial that the processioners had found no marks on the ground and had followed deed descriptions does not undermine the validity of the processioners' return, for at no point in the record does it appear that natural landmarks, old stakes, or marked trees were ignored.

Viewing the evidence as a whole, the jury could reasonably conclude that the processioners used the natural landmarks they found, the double white oak tree and the branch which are undisputed markers, and that, in the absence of higher evidence on the uncleared earth, had resorted to the courses and distances described verbatim in the five deeds in applicant's chain of title, beginning with that from protestant's own grandfather. In the absence of higher evidence the processioners were clearly entitled to resort to these courses and distances under *Code* § 85-1601.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ON MOTION FOR REHEARING.

PER CURIAM. Counsel for the plaintiff in error protest that they received no notice that their case had been placed on the calendar of this court for oral argument.

Having failed to comply with Rule 8 of this court, see 100 Ga. App. 866, counsel have no valid ground for complaint.

*Motion for rehearing denied. Bell, P. J., Jordan and Eberhardt, JJ., concur.*